UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
-------------------------------------------------------X

TERRENCE SOLOMON,

                             Plaintiff,        VERIFIED
                                            COMPLAINT
    -against-                         AND DEMAND FOR
                                            A JURY TRIAL

THE CITY OF NEW YORK,
N.Y.C. POLICE OFFICER
KEITH KNIGHT, SHIELD #02886,
AND NEW YORK CITY POLICE
UNDERCOVER #0149, EACH
SUED INDIVIDUALLY AND IN
THEIR OFFICIAL CAPACITY,

                             Defendants.

-------------------------------------------------------X

     1.  This is an action for compensatory and punitive damages for violation of Plaintiff's civil rights under the Fourth, Fifth, Eighth and Fourteenth Amendments to the Constitution of the United States by reason of the unlawful acts of defendants.

## JURISDICTION

     2.  This action is brought pursuant to 42 U.S.C. § 1983.  Jurisdiction is founded upon 28 U.S.C. § 1343. Venue is proper in this district under 28 U.S.C. § 1391(b) in that all claims arose in this district.

## PARTIES

     3.  Plaintiff TERRENCE SOLOMON is a resident of New York City, New York County, State of New York.

     4.  At all times hereinafter mentioned, the Defendant New York City Police officers were employees of the defendants and was acting within the scope and authority of their employment.

They are sued individually and in their official capacities as New York City Police Officers.

5. At all times, the defendant New York City owned and maintained the New York City Police Department ("NYPD") and employed the individual defendants sued herein.

6. That upon information and belief NYPD was responsible for the training of its officers.

7. That at all times herein the defendant, City, was negligent in the hiring, training, supervision, discipline, retention and promotion of the agents, servants and/or employees of the police department.

8. That at all times mentioned herein the defendant, City of New York knew or should have known of the discriminatory nature, bad judgment, and unlawful propensities of the officers involved in the violation of civil rights and intentional infliction of emotional distress of the plaintiff.

## FACTS

### INCIDENT #1

9. On or about March 15, 2013, at approximately 8:00 P.M., Plaintiff was lawfully standing in front of 303 W. 154th Street, in Manhattan, when he was unjustifiably arrested by the Defendant police officers, after talking to a friend near his apartment building, located at 2955 8th Avenue.

10. Plaintiff was falsely accused of possessing seven (7) bags of marijuana by Defendant Keith Knight in front of 246 Bradhurst Avenue.

11. Defendant Officer Knight falsely claimed that he saw Plaintiff drop bags of marijuana to the ground where he recovered them.

12. Plaintiff was given a desk appearance ticket after a few hours in custody.

13. Plaintiff was prosecuted under Docket # 2013NY028805.

### INCIDENT #2

13. On or about November 16, 2013, at approximately 9:15 P.M., Plaintiff was arrested for allegedly selling marijuana to Undercover #0149, inside of 300 W. 155th Street, in Manhattan.

14. Defendant Undercover #0149 falsely accused Plaintiff of making this sale, with full knowledge that Plaintiff was not guilty of any criminal offense whatsoever.

15. Nonetheless, Plaintiff was put through Central Booking until he was released by a judge at his arraignment after approximately 24 hours.

16. Plaintiff was prosecuted under Docket # 2013NY087425.

**BOTH CRIMINAL CASES WERE DISMISSED**

17. On or about April 21, 2014, both criminal cases were dismissed, as the prosecutor conceded that the CPL §30.30's speedy trial limitations period had been exceeded.

**CITY LIABILITY**

18. Defendants knew or should have known that prior to this date, the perpetration of unlawful acts, and the use of excessive force and the infliction of injury to persons in the custody of the individual defendants was occurring, in that there may have been reports of such unlawful conduct by this specific officer, but failed to take appropriate steps to eliminate such unlawful acts.

19. Defendant, among other deficiencies, failed to institute a bona fide procedure in which defendant investigated the unlawful acts of the individual defendants or properly investigated reports of their alleged misconduct.

**AS AND FOR A FIRST**
**CAUSE OF ACTION FOR FALSE ARREST**
**(March 15, 2013 Incident)**

20. Plaintiff reiterates and realleges the facts stated in paragraphs 1-19 as if stated fully herein.

21. As a result of their actions, Defendants, under "Color of law", deprived Plaintiff of his right to freedom from deprivation of his liberty in violation of the Fourth, Fifth and Fourteenth Amendments to the Constitution of the United States and 42 U.S.C. sec. 1983.

22. Defendants subjected Plaintiff to these deprivations of his rights either maliciously or by acting with a reckless disregard for whether Plaintiffs' rights would be violated by their actions.

23. As a direct and proximate result of the acts of defendants, plaintiff suffered physical and psychological injuries, and endured great pain and mental suffering.

## AS AND FOR A SECOND
## CAUSE OF ACTION FOR FALSE ARREST
**(November 16, 2013 Incident)**

24. Plaintiff reiterates and realleges the facts stated in paragraphs 1-23 as if stated fully herein.

25. As a result of their actions, Defendants, under "Color of law", deprived Plaintiff of his right to freedom from deprivation of his liberty in violation of the Fourth, Fifth and Fourteenth Amendments to the Constitution of the United States and 42 U.S.C. sec. 1983.

26. Defendants subjected Plaintiff to these deprivations of his rights either maliciously or by acting with a reckless disregard for whether Plaintiffs' rights would be violated by their actions.

27. As a direct and proximate result of the acts of defendants, plaintiff suffered physical and psychological injuries, and endured great pain and mental suffering.

### THIRD CAUSE OF ACTION FOR 'MONELL VIOLATION"

28. Plaintiff reiterates and realleges the facts stated in paragraphs 1-27 as if stated fully herein.

29. Defendants, acting as municipal policymakers, in the hiring, training and supervision of the individual defendant officers, have pursued a policy and custom of deliberate indifference to the rights of persons in their domain. As such, defendants have violated plaintiff's right to freedom from the use of excessive and unreasonable force without due process of law in violation of the Fourth, Fifth and Fourteenth Amendments to the Constitution of the United States and 42 U.S.C. § 1983.

30. As a direct and proximate result of the aforementioned policy and custom of deliberate indifference of Defendants committed the unlawful acts referred to above and thus, Defendants are liable for Plaintiff's injuries.

PRAYER FOR RELIEF

WHEREFORE, plaintiff prays that this Court:

1. Enter a judgment that defendants, by their actions, violated Plaintiff's rights under state law, and violated Plaintiff's rights under the Fourth, Fifth, Eighth and Fourteenth Amendments to the Constitution of the United States, 42 USC Sec. 1983 and 42 USC Sec. 1985, and violated Plaintiff's rights under State law; and,

2. Enter a judgment, jointly and severally, against defendants Holder and "John Doe" for compensatory damages in the amount of $300,000.00; and,

3. Enter a judgment, jointly and severally against Defendants Holder and "John Doe" for punitive damages in the amount of $600,000.00 ; and,

4. Enter an Order:

    a) Awarding plaintiff's reasonable attorney's fees and litigation expenses pursuant to 42 U.S.C. § 1988;

    b) Granting such other and further relief which to the Court seems just and proper.

DEMAND FOR JURY TRIAL

Plaintiff hereby demands a trial by jury.

Dated: New York, New York
      February 29, 2016

                      **RESPECTFULLY,**

                      **/s/**

                      **STEVEN A. HOFFNER, ESQ.**
                      Attorney for the Plaintiff
                      325 Broadway, Suite 505
                      New York, New York 10007
                      (212) 941-8330
                      (SH-0585)

## VERIFICATION

**STEVEN A. HOFFNER,** an attorney admitted to practice in the Courts of the State of New York states:

That the affirmant is the attorney of record for the plaintiff in the within action.

That the affirmant has read the foregoing Complaint and knows the contents thereof.

That the same is true as to affirmant's knowledge, except as to matters therein alleged to be on information and belief, and as to those matters affirmant believes them to be true.

That the reason this verification is made by affirmant is because the plaintiff does not reside in the county wherein affirmant maintains his office.

That the grounds of my belief as to all matters not stated upon my own knowledge are as follows:

investigation, client conferences, and review of the file.

The undersigned affirms that the following statements are true, under the penalties of perjury.

Dated: New York, New York
February 29 , 2016

                                               _____/s/_____
                                               STEVEN A. HOFFNER, Esq.
                                               (SH-0585)